PER CURIAM:
Claimant brought this action for damage to her 2000 Chevrolet Monte Carlo which occurred when she was driving on U.S. Route 52 in Mingo County and her vehicle struck a hole in the edge of the pavement. Respondent is responsible for the maintenance of U.S. Route 52 in Mingo County. The Court is of the opinion to make an award to the claimant based upon the reasons set forth herein below.
On August 5,2001, claimant Joyce Litton, a resident of Wayne County, was driving on U.S. Route 52 from her home on her way to meet a family member in Mingo County. Her daughter-in-law, Barbara Litton, was a passenger in her vehicle. As claimant was proceeding in a straight stretch into a curve, a coal truck approaching in the opposite lane crossed the center line causing claimant to veer to the edge of the pavement. At that point her vehicle went into a hole that extended from the area of the white edge line into the berm. Claimant lost control of her vehicle, veered into the opposite lane, and then she managed to gain control ofher vehicle to bring itto a stop. *181 Some neighbors in the area assisted her as both of the tires on the left side of the vehicle were destroyed as well as both rims being damaged. Her husband came to her assistance also. The damages to her vehicle are in the amount of $1,547.47, but claimant is limited to a recovery of $1,000.00 which represents the deductible feature of her insurance policy.
Claimant’s position is that respondent was negligent in its maintenance of U.S. Route 52. Photographs admitted into evidence depict a fairly large hole with a jagged edge which extends from the white line into the berm. These photographs were used to substantiate her position.
Respondent contends that it did not have notice of this particular hole on U.S. Route 52 and it was not negligent.
Cecil Collins, a Transportation Worker Two for respondent in Mingo County, testified that the responsibility for maintaining this portion of U.S. Route 52 is within his office. He described U.S. Route 52 as being a two-lane highway which is a priority one route. It is approximately twenty to twenty-two feet wide with white edge lines. There is guardrail on the side of the highway where claimant went into the hole. He explained that gravel or mill run is “applied to the berm to try to make it proportion to the highway” so there would not be a major drop off. He had checked his office records and noted that there had been no complaints about this area of U. S. Route 52 until after claimant’s accident described herein.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
The Court is aware that a reasonable prudent driver will yield to an oncoming coal truck intruding in her lane. Claimant herein submitted photographs which depict a large, jagged hole in the edge of the pavement on U.S. Route 52. The Court is of the opinion that this hole created a hazard to the traveling public and that respondent had constructive, if not actual, notice of this hazard. Therefore, claimant may make a recovery for the damages to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimant in the amount of $1,000.00.
Award of $1,000.00.